### SOLOMON DOWNER v. HORACE DANA AND CHESTER BAXTER.

#### [IN CHANCERY.]

The court of chancery will decree a set-off of debts, in fact mutual, although not so in form,—as when, on one side, the debts are joint, and, upon the other side, several, if one of the joint debtors is a mere surety,—especially when he, from whom the several debt is due, and against whom the set-off is asked by the real debtor in the joint debt, is insolvent.

APPEAL from the court of chancery.

The orator set forth, in his bill, that, in the spring of 1838, the defendant Dana had a draft upon a firm in Worcester, Massachusetts, for about the sum of $3821.00, and that an arrangement was made between Dana, the orator and the defendant Baxter, by which the orator and Baxter were to receive the said draft, and use the avails thereof for their individual benefit, and account severally to Dana for the amount received and used by each respectively; that Baxter received, of the avails of the draft, about $1580.00, and the orator received the balance; that Baxter afterwards paid to Dana $1535, in part payment for the amount received by him, and took Dana's receipt therefor; and that the orator had always been willing to account for the portion of the avails of the draft, received by him, to Dana, by offsetting the same against large demands which he had against Dana; but that Dana had refused so to arrange the matter.

Downer *v.* Dana et al.

The orator farther alleged that in December, 1838, Dana commenced an action for the avails of the said draft against the orator. and Baxter jointly, and recovered judgment in said action, against the orator and Baxter, at the June Term, 1841, of Orange county court, for $2740.70 damages, and costs, and that an execution had issued upon said judgment, and that the property of the orator had been taken, and was about to be sold, to satisfy the same. The orator farther alleged that he recovered judgment against Dana, in an action of account in his favor against him, at the May Term of Windsor county court, 1840, for the sum of $3278.29 damages, and costs; that the said Dana was, at the time of bringing this bill, and for more than three years had been, totally insolvent; that the orator had applied to Dana to offset the one judgment against the other, which Dana had declined doing; and that the orator had applied to Baxter to join with him in bringing this bill, and that Baxter had refused to do so, wherefore he joined him as defendant.

The orator prayed that the judgment recovered by him against Dana might be set off in part against the judgment recovered by Dana against him and Baxter, and that Dana might be perpetually enjoined from prosecuting said judgment, and that, in the mean time, and until a decision could be had in the case, Dana might be enjoined from taking any measures to collect said judgment.

An injunction was granted, upon the issuing of the bill, as prayed for.

The defendants answered, admitting, in substance, the allegations of the bill, as above detailed, except that Dana claimed that the orator and Baxter were, by the agreement between the parties, to be jointly liable for the avails of the draft; and he insisted that they were estopped, by the judgment of the court of law, from litigating that question.

The court of chancery decreed that the temporary injunction, granted by the chancellor, should be dissolved, and that $2824.98 of the judgment in favor of the orator against Dana should be set off and applied on the judgment in favor of Dana against the orator and Baxter, and that each of said judgments be so far satisfied, the application to be made as of the date of the latter judgment, and that, as to so much, the said Dana should be perpetually enjoined

from prosecuting or collecting his said judgment against the orator and Baxter, and that Dana pay the orator's costs in this suit.

*L. B. Vilas* for orator.

1. We maintain that judgments, not only in the same court, but in different courts, may be *set off* against each other at law;—and, in cases not within the statute of set off, chancery will permit an equitable set off, if, from the nature of the claim, or the situation of the parties, justice cannot otherwise be done. *Lindsay* v. *Jackson,* 2 Paige, 581 and cases there cited. The insolvency of one of the parties is a sufficient ground for the court to exercise its equitable jurisdiction, in allowing an equitable set off; *Lindsay* v. *Jackson,* 2 Paige 581; *Simpson* v. *Hart,* 14 Johns. 63; *Pond* v. *Smith et al.,* 4 Conn. 297; *Reed* v. *Bank of Newbury,* 1 Paige, 215; *Ex parte Quinten,* 3 Ves. 248; so non residence of the party, against whom the set off is prayed, is, in general, sufficient to authorize it. 2 Eq. Dig. p. 92, pl. 15, and cases there cited.

2. We admit the general principle, that joint debts cannot be set off in equity, any more than at law, against separate debts, unless there be some other equitable circumstance to authorize it,— such as insolvency, non residence, &c.; *Jackson* v. *Robinson,* Mason 138, 145. The power of a court of chancery (it is said,) to offset one judgment, or decree, against another, on motion, is the same as that of the common law courts. But, on a bill filed for an offset, the jurisdiction of the court of chancery is more extensive than that of common law courts. *Dunkin* v. *Vandenbergh,* 1 Paige 622.

3. It is no objection to the set off of one judgment against another, that the party making the application has the adverse party in execution on the judgment. *Utica Ins. Co.* v. *Power,* 3 Paige 365.

*L. B. Peck* for defendants.

1. The offset ought not to be allowed, as the judgments are not mutual. The judgment in favor of Dana is against the orator and Baxter, while the orator's judgment is against Dana only. On this subject the rule is the same in equity as at law. If to this rule

Downer v. Dana et al.

there be any exceptions, it must arise under particular circumstances, as where there is a clear series of transactions, in which a joint credit is given. Mere insolvency, we submit, is not a circumstance sufficient of itself to justify the interference of the court. *Palmer* v. *Green,* 6 Conn. 14. *Ex parte Stephens,* 11 Ves. 24. *Ex parte Hanson,* 12 Ves. 346. *Dale et al,* v. *Cook,* 4 Johns. Ch. R. 11. *Vulliamy* v. *Noble,* 3 Mer. 393, 618. 2 Story's Eq. 663.

2. The attorneys of Dana have a *lien* on his judgment for disbursements, &c., of which they ought not to be deprived by the offset. The offset should not be extended to the costs. The decree of the chancellor should, for this reason, be reversed.

The opinion of the court was delivered by

REDFIELD, J. The object of this bill is to obtain a set off of the separate debt of Dana against a judgment, which he has recovered against the orator and Baxter. The fact that the claim, out of which the judgment arose, was the joint debt of Downer and Baxter, is conclusively settled, as to these parties, by the judgment itself. The parties being the same here as in the suit at law, their different position, as to being plaintiffs and defendants, will not enable them again to litigate that question.

The facts in the case, which are admitted substantially in the answer, are, that Downer and Baxter borrowed the money of Dana, for which the judgment is rendered, upon their joint credit, but for their separate use; and that the money was applied to their separate use in the same proportion set forth in the bill. So that now, *in fact,* that portion of the judgment, which the orator prays to have set off against his private demand upon Dana, is his own separate debt to pay, for which Baxter is merely surety, as between them,—and if Baxter is compelled to pay it, he will immediately recover it of Downer. In addition to this, Dana is, confessedly, wholly insolvent; so that, if Downer is compelled to pay the judgment, or if Baxter is compelled to pay it, that portion of it, which belongs to Downer to pay, becomes a dead loss to Downer, and a net gain to Dana. This is a result which a court of equity, acting upon principles of natural justice, would desire to prevent, if it could be done without trenching upon established principles of law.

66

These debts are, *in fact,* mutual, so far as Downer's portion of the judgment is concerned, although not so *in form.*

I have no disposition to go much into detail into the principles, which have governed courts of equity in decreeing a set off of debts, which could not be set off at law. It is certain that such a department of the jurisdiction of courts of equity has been known, long anterior to the English statutes of set off, and that, since the passing of those statutes, it has not wholly ceased. Before the existence of those statutes, it seems to have been confined to the setting off of debts, when there was supposed to have been some mutual credit, some understanding that the one debt should go against the other. This was adopted from the rule of the civil law, called *compensation,* by which, whatever might be the extent of the dealings between the parties, only the final balance was treated as a *debt.* The same rule always obtained at law, in regard to a current account between parties. If one party sued for any portion of the account, the other was at liberty to go into the examination of the whole account, and show that nothing was due; and this might be done without the necessity of a plea of set off. *Dale* v. *Sollet,* 4 Burr. 2133. *Green* v. *Farmer,* Ib. 2214.

Since the statutes of set off, and those of bankruptcy, courts of equity, it is admitted, have, in decreeing a set off, usually followed the same rules adopted in courts of law. But there have been some deviations, in order to prevent gross injustice. The doctrine of *compensation,* of the civil law, is one of absolute justice, that there should be a final settlement of all dealing between the parties, and the one finally in arrear should only be considered debtor, and to the amount of the balance only. But this has never been attempted to be enforced to the full extent; for if that were to be done, the entire litigation of matters of debt would be superseded in courts of law, and be transferred to courts of equity. All that has been attempted has been, to effect this, when manifest injustice would otherwise ensue. Accordingly courts of equity have decreed a set off,

1. When there is some connection between the demands, as by mutual debt, or credit, each looking to the debt of the other for compensation. The set off has often been decreed, in such cases, when the only evidence of this mutual credit resulted from the

Downer *v.* Dana et al.

course of dealing between the parties. *Hankey* v. *Smith*, 3 T. R. 507, and note. *Olive* v. *Smith*, 5 Taunt. 60, [1 E. C. L. 16.] These last are decisions under the bankrupt laws; but those acts only go to the extent always recognized in courts of equity. 2 Story's Eq. 659, 660. *Lanesborough* v. *Jones*, 1 P. Wms. 326. When there is an express agreement to set off debts, courts of equity will always enforce a specific performance of such agreement.

2. Although a court of equity will not, any more than a court of law, allow a set off of joint debts against separate debts, yet there are many exceptions. One important exception is, where the debts are in reality mutual, although not so in form ; as where one of the joint debtors is a mere surety. That we consider to be the present case, to the extent the set off is asked. *Dale v. Cook*, 4 Johns. Ch. Rep. 15, on the amended bill. 2 Story's Eq. 664.

It is not necessary to discuss the question how far the insolvency of one of the debtors may affect the equity of the set off. For one, as at present impressed, I cannot avoid the conviction that insolvency itself may be, in some cases, a very urgent ground of interference by courts of equity to decree a set off, when such an interference does not lead into the settlement of complicated dealings between the joint debtors. *Simpson* v. *Hart*, 14 Johns. 63. *Peters* v. *Soames*, 2 Vern. 428.

The rule adopted in this case is not so broad, in favor of equitable interference in decreeing a set off, as that laid down in *Ferris* v. *Burton*, 1 Vt. 439.

The decree of the chancellor is affirmed, with costs.