## NATHANIEL ROBBINS AND ELKANAH NICKERSON v. CATHERINE BROOKS.

*Set-off of joint demands—Joint debtor on a note.*

The right of set-off in courts of law is purely statutory and cannot be enlarged.

Joint debtors can set off only joint demands (Comp. L., § 5796, subd. 6) in the circuit courts, though in justice's courts a demand of the principal debtor alone may possibly be set off when the other debtor is only a surety.

One who has signed a note after it has become operative against the maker, but in order to induce others to take it, must be held as a joint debtor.

Error to Berrien. Submitted Oct. 23. Decided Oct. 28.

ASSUMPSIT. Defendants bring error.

*Clapp & Fyfe* for plaintiffs in error. If the principal debtor on a note has a set-off against the holder, it can be used to reduce the debt, *Andrews v. Varrell*, 46 N. H., 17: 5 Am. L. Reg., 702; 2 Dan. Neg. Inst., § 1431.

*N. A. Hamilton* for defendant in error. Sureties are not outside of the rule that a demand owing to one only cannot be set off against joint parties, *Warren v. Wells*, 1 Met., 80; *Van Middlesworth v. Van Middlesworth*, 32 Mich., 183-9.

CAMPBELL, C. J.   Mrs. Brooks sued Robbins & Nickerson as joint makers of a promissory note made payable to the order of Alfred Osborne, endorsed by Osborne to Hopkins & Jackson, and by them to her.   The chief defense relied on was a set-off belonging to Robbins against Hopkins & Jackson.   It was claimed this set-off was acquired in season to attach against the note, and also that Robbins being principal and Nickerson surety, the claim, although a sole claim in favor of Robbins, was available for the benefit of both defendants.

A minor question was raised that Nickerson signed the note after it had become operative against Robbins and that his liability did not rest on any consideration. But it appeared that he signed it in order that Hopkins & Jackson might be induced to take it, and this would preclude any such question.

Under the statutes regulating proceedings before justices of the peace there is a provision which might favor the set-off if this suit had been brought before a justice. But we have no such statute which applies any where else.   The general set-off law does not allow joint debtors to use any but joint demands by way of set-off. Comp. L., § 5796, subd. 6.   The right of set-off in courts of law is purely statutory, and we cannot enlarge it beyond what the statutes allow.

The court below so held rightly.   The judgment must be affirmed with costs.

The other Justices concurred.