A. J. DOCKARTY ET AL. V. LULA P. TILLOTSON.

FILED APRIL 2, 1902.   No. 11,524.

Commissioner's opinion, Department No. 3.

1. Agency: WITNESS: PROOF BY DECLARATIONS OF AGENT: COUNTER-PROOF. Although agency can not be proved by the admissions or declarations of the alleged agent alone, yet if, in an action against an alleged principal, the latter calls the former as a witness and induces him to testify that he never represented himself as an agent with respect to the transaction in dispute, the testimony may be contradicted by proof of specific instances in which the witness did so represent himself. In other words, he may be subjected to the same tests of credibility as would be applicable to other witnesses under like circumstances.

2. Agent: CONTRACT: PERSONAL LIABILITY. An agent, who contracts in his own name with respect to matters within the scope of his agency is personally obligated, although the fact of such agency is known to the opposite party.

ERROR from the district court for Douglas county. Tried below before FAWCETT, J.  Affirmed.

Crane, Crane & Irwin and J. J. Boucher, for plaintiffs in error.

William R. Patrick, contra.

AMES, C.

The plaintiff in error Dockarty was engaged in Omaha, in this state, in a business which consisted in teaching

pupils the art of making and drawing designs for letter-heads, bill-heads, checks, drafts, etc., and in making of such designs and procuring them to be engraved for the use of persons desiring them, who were his patrons or customers for pay. The designs, when prepared, were sent by him to the plaintiff in error the "Illinois Engraving Company," an Illinois corporation at Chicago, where they were engraved. The engraved plates were sent by the company to Dockarty at Omaha, and used by him at the latter city for printing the designs. Dockarty paid the company at a specified rate for its share of the services rendered. The defendant in error, Miss Tillotson, had been a pupil at Dockarty's establishment, and, after having acquired sufficient proficiency in the art, accepted employment therein. After the lapse of some time she retired from the service, and sued Dockarty and the company in justice's court for a sum alleged to be a balance due her for wages. She recovered a judgment for the amount of her claim, from which an appeal was taken to the district court, where, upon trial, a verdict was returned, and a judgment rendered in her behalf. The defendants have brought the record to this court for review by petition in error.

It is the contention of Miss Tillotson that although her business engagements were made with, and her services nominally rendered to, Dockarty personally, yet that in fact the latter was the agent of the Illinois company in the conduct of the business, and that the company was therefore obligated to her for her services rendered at his instance. Whether such was the fact is the sole question litigated in the case. As a part of her evidence the plaintiff below offered a blotter used by Dockarty in his business and for advertising purposes, which was shown to have been printed from an engraved plate made by the Illinois company, and which contained, besides some ornamental designs, the following words:

"Illinois Engraving Company, Originators, Designers, Illustrators, Colorists. Wood Engraving, Zinc and Half-Tone Etchings, Colortypes, Etc. Western Branch, Omaha,

Nebr., A. J. Dockarty, Gen. Mgr.    Mel Uhl, Bus. Mgr.
Offices and Art Rooms 616-17 Paxton Block."

It was objected by the company that, although the plate
was engraved by its employees and at its works, it was not
made to appear that any of its officers or agents, having
authority to bind it, knew of the fact or had assented
thereto; but the objection was overruled and the paper
admitted, and we think correctly so.    While it is not con-
clusive that Dockarty was an agent as alleged, and as rep-
resented by the printed matter, yet the closely related
nature of the two businesses and the apparent business
intimacy between him and the company, were circum-
stances which, taken in connection with the advertisement,
were proper to be considered by the jury, and entitled the
document to admission as evidence.

Dockarty, who was the only witness for the defense, de-
nied in that capacity that he had ever held himself out or
represented himself to be the agent of the company, and for
the purpose of contradicting him in this respect a letter to
a prospective pupil, written by him upon a sheet of paper
at the head of which was printed, from an engraved plate,
substantially the same matter as that upon the blotter,
was offered by the plaintiff and admitted in evidence.    Ob-
jection was made upon the ground that it was not shown
where or by whom the engraving was made, or that the
company had any knowledge of its existence or of the use
of the letter-head by Dockarty, and that proof of an agency
can not be made, as against the alleged principal, by the
declarations or admissions of the person whose agency is
denied.    The rule as thus generally stated is doubtless
correct, but it can not, consistently with justice, have so
universal an application as is contended for by the plain-
tiffs in error.    If the alleged agent had not himself been
brought forward as a witness, the letter-head would not
have been admissible as between the defendant in error
and the company; but when the company produced him as
a witness in its own behalf, concerning this very issue, it
submitted his testimony to all the tests of truthfulness

which would have been applicable to that of any other witness. If the person to whom the letter was addressed had testified that Dockarty had never, to her knowledge, represented himself as an agent of the company, it will not be questioned that she could have been contradicted, by way of impeachment, by the production of the document. If so, why may not he be subjected to the same ordeal? If the paper, having been admitted, had a tendency to affect the minds of the jury concerning the real issue, that is a misfortune voluntarily incurred by the company in producing the witness, and permitting him to testify with respect to this branch of the inquiry. But, having chosen so to do, it can not insist that, having elicited from him a statement such as it desired, his credibility shall not be impeached because the evidence requisite therefor has a tendency to establish the fact of agency by his own declarations or admissions.

Several of the instructions given by the court are complained of, but, in our view of the relevance and character of the evidence, they are not objectionable. They fairly submitted to the jury the matters of fact in issue upon conflicting evidence, and afford no ground for disturbing their verdict in so far as it affects the engraving company. But the jury returned a joint verdict against both defendants, who filed separate motions for a new trial, and separate petitions in error in this court, each alleging that the verdict, as to the moving defendant, is not supported by sufficient evidence.

It is contended on behalf of Dockarty that, if the verdict and judgment against the engraving company are sustained by sufficient evidence, they must fail, as to him, because of the rule that an agent who contracts in behalf of his principal is not himself personally obligated. But counsel overlook an important exception. It was testified to by Dockarty, and not disputed, that he contracted for the services of the defendant in error in his own name, and in such cases the agent is personally bound, even although the fact of the agency be known, and the transaction is in

furtherance of the business of the principal, so that the latter is also bound. Story, Agency [7th ed.], sec. 269 *et seq.* and notes. He is at liberty, if he chooses so to do, to add his own personal liability to that of his principal. That he is equally bound if he contracts in his own name in behalf of an undisclosed principal is familiar law, not requiring the citation of authorities for its support. That Dockarty is impaled upon one or the other horn of the dilemma is beyond dispute. The cases cited in the brief of plaintiffs in error, in which either there was a contract by a pretended agent without authority, or a contract by an agent in the name of the principal, are not in point.

It is recommended that the judgment of the district court be affirmed.

DUFFIE and ALBERT, CC., concur.

By the Court: For reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.