## WILLIAM LEITZ v. J. E. RAYNER & CO.

DEMURRER *to Answer, Sustained; Leave to Amend — Refusal, Error.*
Where a petition was filed by the plaintiffs, and defendant answered thereto, and afterward an amended answer was filed, and the plaintiffs demurred thereto, and the demurrer was overruled, and plaintiffs replied to the amended answer; and at the trial plaintiffs objected to the introduction·of any testimony under said answer, which objection was overruled; and afterward a new trial was granted, and plaintiffs then by permission of the court withdrew their reply and refiled a demurrer to the amended answer, which was by the·court sustained; and defendant then asked leave to amend his amended answer, which was by the court refused: *Held,* That after an amended answer has twice been held good by the court when attacked by the plaintiffs, it was error for the court to refuse the defendant leave ·to amend after the demurrer to his amended answer had been sustained.

### *Error from Marion District Court.*

THIS action was commenced by the defendants in error upon a note for $275, given by·the plaintiff in error upon a contract of purchase and warranty of a Walter A. Wood twine self-binding harvester. Three trials were had in the court below, resulting in each in a verdict for the defendant. Each of said verdicts was by the court set aside, upon the ground that the same was not sustained by sufficient evidence. After the second trial the defendant was allowed to file an amended defense, to which amended answer the plaintiffs filed a demurrer, upon the ground that it did not state facts sufficient to constitute a defense, which demurrer was overruled. At the third trial the plaintiffs objected to the introduction of any evidence under said amended answer, for the reasons stated in the demurrer, which objection was overruled. The plaintiffs filed a reply to said answer. Trial thereunder, and verdict for the defendant, which was set aside. The cause was continued, and at the November Term, 1885, came on regularly for trial; whereupon the plaintiffs, by permission of the court, withdrew their reply and filed a demurrer to the amended answer on the same grounds contained in their former demurrer thereto, which

demurrer was sustained; and thereupon the defendant asked leave of the court to amend his said answer, which request the court refused to grant; and thereupon, on motion of the plaintiffs, the court rendered judgment for the plaintiffs for $391, and costs taxed at $463.75. The defendant brings the case here for review.

R. L. King, for plaintiff in error.

Keller & Dean, for defendants in error.

Opinion by CLOGSTON, C.: In the course of the three trials of this case many rulings were made by the court, which are now urged as errors, but we shall pass them by, except the ruling of the court after the last trial by the jury. After the court sustained the demurrer to the defendant's answer, leave was asked to amend the same, and this leave was refused by the court. We think this was error. This answer had been twice attacked by the plaintiffs before the last trial: first, by demurrer; and second, by objection to the introduction of evidence thereunder. These objections were by the court overruled, and by these rulings the defendant was assured that his answer contained a defense to the plaintiffs' action, if the facts alleged in said answer were true; and at the trial these facts were so far established that under the instructions of the court a jury returned a verdict for the defendant. Now while it was discretionary with the court to permit the plaintiffs to withdraw their reply and refile a demurrer, and discretionary to permit the defendant again to amend his answer, yet under the facts of this case we think it was an abuse of discretion to refuse to permit the amendment asked for by the defendant. The court, as well as the defendant, had been misled up to this time as to the allegations in this answer. The answer had been treated by the court as sufficient to raise an issue of fact. Then if the defendant could amend his answer by alleging facts that would raise such an issue, he ought not to be deprived of that right simply because he, as well as the court, had been misled as to the allegations in the former answer.

The court in justice to the parties might have permitted the amendment, upon such terms as it thought just; but to refuse after large costs had been made in former trials was unjust to the defendant.   As this case must be reversed, we express no opinion upon the amended answer.

It is recommended that the judgment of the court below be reversed.

By the Court: It is so ordered.

All the Justices concurring.