JAMES T. MURPHY, Respondent, v. CLARK B. GILLUM, Appellant.

### St. Louis Court of Appeals, April 4, 1899.

Practice, Trial: ADMISSIONS AT THE TRIAL. An admission made to restrict the issues on a trial then in progress, ought not to be held to bind the plaintiff on a new trial wherein new issues were presented to the jury.

*Appeal from the Pike Circuit Court.*—HON. REUBEN F. ROY, Judge.

AFFIRMED.

THOMAS B. McGINNIS and I. C. DEMPSEY for respondent.

No points and authorities filed for respondent.

J. D. HOSTETTER for appellant.

The trial court misinterpreted the meaning of the opinion of this court on the former appeal 73 Mo. App. 487. That opinion certainly announces the doctrine that defendant can only be held liable for the effects of seepage in the event that the pond was negligently constructed or maintained, quoting from Cooley on Torts, pages 676, 677, and citing a number of authorities in support of the next therein. This doctrine was squarely stated in defendant's refused instruction number 2, and by the refusal of that instruction the trial court, in effect, held that defendant could be held liable even though he was not negligent or careless either in the construction or maintenance of the pond. Such is not the law. In addition to the authorities collated in Judge Biggs' opinion on this point, our supreme court in Clark v. Railroad, 36 Mo. 202, at 224, has announced and approved the same doctrine. Even

plaintiff, in his petition, grounds his right to recover on the alleged negligence and carelessness of defendant. The court erred in refusing to permit defendant to prove by the bill of exceptions plaintiff's concessions and admissions made by his counsel in open court, in the former trial.

BOND, J.—This is the second appeal in this case. (73 Mo. App. 487.) The suit is for damages alleged to have been occasioned by the flow of water over plaintiff's land which seeped through the bank of a pond on defendant's land. There was a verdict and judgment for plaintiff for $60, $30 of which was remitted and defendant's motion for new trial being overruled, he appealed to this court, where he complains of the instructions given and refused, of the exclusion of evidence, and the remarks made by plaintiff's attorney in his argument to the jury.

There is no merit in the first assignment of error.. The instructions for plaintiff accord with the views of the majority of the court expressed in the former opinion. The instruction offered by defendant and refused by the court is a copy of the one offered before, and as its refusal on the former trial was not deemed error, the trial judge had a right to assume that it should be refused on the second trial. This assignment is therefore ruled against appellant.

It is insisted that the remarks of the counsel for plaintiff to the jury "that he did not ask a verdict because his client was poor and the defendant rich" is ground for reversal. This point can not be sustained. The record shows that the trial court promptly reprimanded the attorney for making this remark, and it nowhere shows that it had any prejudicial effect on the minds of the jury.

Neither was there any error in excluding the statement of plaintiff's counsel preserved in the bill of exceptions taken after the first trial to the effect that he did not then contend that the pond was faultily built or improperly kept. The theory

of his cause of action then maintained by plaintiff was that the liability of defendant was absolute on proof of the fact of injury by percolating water, and did not depend on the proper construction or maintenance of the pond. The admission in question was made to restrict the issues on the trial then in progress. It ought not to be held to bind the plaintiff on a new trial whereon new issues were presented to the jury. There being no grounds for reversing this judgment under the former opinion, it will be affirmed. All concur.