BALL v. RANKIN *et al.*

No. 59.   Opinion Filed May 12, 1909.

(101 Pac. 1105.)

**APPEAL AND ERROR—Reversal—Procedure Below—Amendment of Pleadings.** Where a cause is reversed and remanded by the Supreme Court, with directions to the trial court to "take such other and further proceedings in the matter as shall accord with said Supreme Court opinion," it stands in the court below the same as if no trial had been had. Pleadings could be amended, supplementary pleadings filed, and new issues formed under proper restrictions. If the parties could amend their pleadings in such a way as to conform to the views of the Supreme Court in relation to the allegation of facts necessary to entitle them to the relief sought, they ought not to be deprived of that right merely because they and the trial court had previously been in error as to the theory of the case. The court below in justice to the parties should permit such amendments upon such terms as to costs as it thought just, and it was reversible error to refuse to do so.

(Syllabus by the Court.)

*Error from District Court, Logan County; A. H. Huston, Judge.*

Action by J. E. Ball against George C. Rankin and another. Judgment for defendants, and plaintiff brings error. Reversed

*Dale & Bierer,* for plaintiff in error and for defendant in error State Bank of Meridian, citing: *Kan. Pac. Ry. Co. v. Salmon,* 14 Kan. 512; *Board of Co. Com'rs v. Faulkner,* 27 Kan. 164; *Scott v. Armstrong,* 146 U. S. 499; *Rankin v. Blaine Co. Bank,* 20 Okla. 68; 1 Enc. Pl. & Pr. 564; *Leitz v. Rayner,* 37 Kan. 470; *Pierce v. Butters,* 21 Kan. 124; *Wright v. Bocheller,* 16 Kan. 259; *Gaylord v. Stebbins,* 4 Kan. 42; *Edinburgh v. Walsh* (Kan.) 79 Pac. 688; *Mulhall v. Mulhall,* 3 Okla. 304; *Burnham, etc., & Co. v. Dixon,* 5 Okla. 112; *Davis v. Jones* (Kan.) 60 Pac. 314; *Dwelling House Ins. Co. v. Johnson,* 47 Kan. 1; *Rankin v. City Nat. Bank,* 208 U. S. 541.

*Flynn & Ames* and *R. A. Kleinschmidt,* for defendant in error, citing: 3 Cyc. 483, 497; *Brown v. Booth,* 66 Ill. 419;

*Cobb v. Ellis,* 120 Ill. 136; *Warden v. McKinnon,* 99 N. C. 251; *Beville v. Cox,* 109 N. C. 265; *Parker v. Shannon,* 121 Ill. 452; *Kavanagh v. Barber,* 68 Hun. (N. Y.) 183; *Powell v. Williamette R. Co.,* 12 Pac. 83.

KANE, C. J. This cause was before the Supreme Court of the territory of Oklahoma and the law of the case settled in *Willoughby, Receiver, v. Ball,* 18 Okla. 535, 90 Pac. 1017. The question now before this court is whether the district court of Logan county committed error in refusing to allow the plaintiff in error, J. E. Ball, and the defendant in error the State Bank of Meridian to file amended pleadings in the court below after the reversal of said cause, and in sustaining the motion of the receiver for judgment on the pleadings.

After the mandate of the Supreme Court had been filed in the court below, the receiver filed a motion for judgment upon his cross-petition, for the reason that the pleadings in said cause entitled said defendant to judgment, and for the further reason that by the opinion of the Supreme Court of the territory of Oklahoma filed June 13, 1907, the cause was remanded to the district court, with directions to proceed in conformity with that opinion; that in said opinion it was held that the demurrer to the evidence at the trial was properly overruled; and that judgment should have been rendered in favor of the cross-petitioner on the note. This motion was filed on the 1st day of August, 1907. On the 12th day of November, 1907, Ball filed his verified application for leave to amend his petition and reply in said cause, and also presented and filed his amended petition and reply. On the same day the State Bank of Meridian filed its verified application for leave to file answer in said cause, and at the same time filed its answer and cross-petition therein. The amended pleadings presented by Ball and the State Bank of Meridian conformed to the ruling of the Supreme Court, and, if the facts alleged were established, would entitle them to the relief prayed for. All of these motions were presented together, and, after due consideration, the court sustained the motion of the receiver for judg-

ment upon the mandate of the Supreme Court, and overruled the application of Ball for leave to amend his petition and reply, and the application of the State Bank of Meridian for leave to file answer in said cause, and thereupon proceeded to render judgment as prayed for in the cross-petition of the receiver.

The mandate of the Supreme Court of the territory is in words and figures, as follows:

"Whereas, the Supreme Court of the territory of Oklahoma did at the June, 1907, term thereof, and on the 14th day of June, 1907, render an opinion in the above-entitled cause appealed from the district court of Logan county, reversing the judgment in said district court in said cause at the cost of appellee and remanding the same thereto with instructions to proceed in conformity with said Supreme Court opinion: Now, therefore, you are hereby commanded to cause a reversal of the judgment of said district court in said cause to be entered of record therein, and take such other and further proceedings in the matter as shall accord with said Supreme Court opinion."

Counsel for the receiver in their brief say:

"The Supreme Court did not desire to direct a verdict, but left it to the discretion of the trial court to determine whether, under the circumstances, amendments would be right and just, and, that court having decided that question in the negative, it followed as a matter of course that judgment should be for the receiver."

In our opinion it was the purpose of the Supreme Court to decide the law of the case, and then give the parties an opportunity to proceed in the court below along the lines indicated by the opinion of the Supreme Court. The cause as originally commenced in the court below was entitled: "J. E. Ball, Plaintiff, v. J. A. Willoughby, Receiver of the Capitol National Bank of Guthrie and the State Bank of Meridian, Defendants." After the service of summons, the State Bank of Meridian filed no pleadings, and the cause proceeded between Ball as plaintiff and the receiver as defendant; the State Bank of Meridian being a nominal party. Upon the issues thus joined the court below decided the case in favor of Ball, and the Supreme Court of the territory reversed

this judgment upon the ground that he did not allege in his petition that the bank for whose benefit the note was executed was insolvent, as otherwise he would pay the note and recover the amount back in an action at law, "for equity will not afford relief where a party has an adequate remedy at law, either affirmative or defensive." Of the status of the Bank of Meridian in the case Mr. Justice Burwell says:

"The Bank of Meridian, although made a party to this suit, has filed no pleadings, and asked for no relief. Under the plaintiff's own allegations in his pleadings, the deposit in the Capitol National Bank was not his, but was due to the Bank of Meridian."

On this point there seems to be no dispute. The third paragraph of the syllabus states clearly the relation between the parties, as disclosed by the pleadings and the evidence:

"Where the president of a bank desiring to increase the cash reserve thereof, without showing an increase in the liabilities, borrows money from another bank in his individual name, executing his own promissory note therefor, leaving the money so borrowed with the bank to which the note was given to the credit of his own bank, and the bank from which the money was borrowed fails before the maturity of the note, and when the other bank had on deposit with such failing bank more than enough money to pay the note, the maker of the note cannot maintain an action in equity to compel the receiver of the failing bank to offset the deposit of the other bank against the note, and to secure a cancellation thereof, upon the theory that the debt for which the note was executed was the debt of the bank he represented, without alleging in his bill that the bank for whose benefit the note was executed was insolvent, as otherwise he could pay the note and recover the amount back in an action at law, for equity will not afford relief where a party has an adequate remedy at law, either affirmative or defensive."

In another part of the opinion Mr. Justice Burwell says:

"If it is true that the debt is due from the Bank of Meridian, and not from Ball, and he (it) desires that its balance in the Capitol National Bank be set off against the debt represented by the note, it must ask for such relief."

It seems clear to our mind that it was for the purpose of giving the Bank of Meridian an opportunity to ask for such re-

lief that the Supreme Court of the territory remanded the case
with instructions to proceed further in conformity with the opin-
ion. If it had deemed no other proceedings necessary except the
rendition of judgment upon the pleadings, it would have remand-
ed the case with instructions to enter judgment in favor of the
party entitled to it. It must have been obvious to the Supreme
Court that, as soon as the law in the case was settled, the Bank
of Meridian would want to set off its balance in the Capitol Na-
tional Bank against the debt represented by the note signed by
Mr. Ball for its benefit. It is true that amendments to pleadings
are largely within the discretion of the trial court, but to our
mind the opinion of the Supreme Court limited somewhat the
discretion of the court below in the case at bar. The right of the
Bank of Meridian and J. E. Ball, under certain circumstances
pointed out by the court, to a set-off, was determined by the Su-
preme Court, and it is quite plain to us that the reason the Su-
preme Court did not remand with instructions to render judg-
ment was that it wanted to leave the case open for the parties
entitled to the set-off to proceed further to establish it, if they
saw fit. The way now being clear, and the law of the case settled,
not only by the Supreme Court of the territory in this case, and
the Supreme Court of this state in *Rankin, Receiver, v. Blaine
County Bank,* 20 Okla. 68, 93 Pac. 536, but also by the Supreme
Court of the United States in *Rankin, Receiver, v. City National
Bank,* 208 U. S. 541, 28 Sup. Ct. 346, 52 L. Ed. 610, we think
that justice requires that the parties have an opportunity to pro-
ceed in the proper courts of the state to have their rights ad-
judicated in the light of the late decisions upon identically the
same questions.

Where a cause is reversed and remanded by the Supreme
Court with directions to the trial court to "take such other and
further proceedings in the matter as shall accord with said Su-
preme Court opinion," it stands in the court below the same as if
no trial had been had. Pleadings could be amended, supplemen-
tary pleadings filed, and new issues formed under proper restric-

tions. *Consolidated Steel & Wire Co. v. Burnham, Hanna, Munger & Co.*, 8 Okla. 514, 58 Pac. 654. If the parties could amend their pleadings in such a way as to conform to the views of the Supreme Court in relation to the allegation of facts necessary to entitled them to the relief sought, they ought not to be deprived of that right merely because they and the trial court had previously been in error as to the theory of the case. The court below in justice to the parties should permit such amendments upon such terms as to costs as it thought just, and it was reversible error to refuse to do so. *Leitz v. Rayner & Co.*, 37 Kan. 470, 15 Pac. 571.

The judgment of the court below is reversed, with direciions to set aside the judgment rendered in favor of the receiver, and permit the plaintiff in error and the State Bank of Meridian to file their amended pleadings, and to take such further action as may be necessary to determine the issues involved between the parties.

Dunn, Turner, and Williams, JJ., concur; Hayes, J., disqualified, not sitting.