## GORTON et al. v. MANNING.

No. 26796.    March 16, 1937.

Ed L. Jones, for plaintiffs in error.

Mills & Cohen and Loyal J. Miller, for defendant in error.

WELCH, J. This cause was tried to a jury resulting in verdict for defendants. The trial court sustained plaintiff's motion for new trial, from which action this appeal is taken.

Appellants contend that the granting of a new trial was an abuse of discretion for the reason that plaintiff's evidence did not

support the allegations contained in the petition, and assert that in such case the trial court may not grant a new trial, citing American Central Insurance Co. v. Brenner, 173 Okla. 632, 49 P. (2d) 528, wherein it is held in paragraph 2 of the syllabus:

· "Where the proof made in the trial of an action does not sustain the allegations of the petition, but clearly establishes the plaintiff is not entitled to recover on the cause of action alleged, it is the duty of the trial court to render judgment for the defendant; the granting of a new trial in such a case is an abuse of discretion."

We have examined the entire record here, and it cannot be said that plaintiff's evidence clearly establishes that plaintiff is not entitled to recover.

We do not understand the rule as announced in the Brenner Case, supra, to be that in such cases as the present one this court will weigh the evidence or deny a new trial as a matter of law merely because a party failed to introduce sufficient evidence. As we understand the rule therein announced, a new trial will be denied where the evidence on the part of the losing party clearly and affirmatively disproves his case and precludes his recovery. In such case the granting of a new trial would serve no useful purpose. Although plaintiff's evidence here may not have supported a verdict and judgment in his favor, it does not appear therefrom that facts were established which would preclude his recovery.

The motion for new trial was based upon several grounds. The order sustaining the same is general and no attack is made thereon other than as shown by the above. We conclude that the disposition of the cause is controlled by the rule long since announced in this jurisdiction and consistently adhered to by this court in Ten Cate v. Sharp, 8 Okla. 300, 57 P. 645, as follows:

"This court will not reverse the ruling of the trial court granting a new trial unless it can be seen beyond all reasonable doubt that the trial court has manifestly and materially erred with respect to some pure, simple and unmixed question of law, and that except for such error the ruling of the trial court would not have been made as it was made, and that it ought not to have been so made. The Supreme Court will very seldom and very reluctantly reverse the decision or order of the trial court which grants a new trial."

The action of the trial court in granting a new trial is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and CORN and GIBSON, JJ., concur.