## CONTINENTAL CASUALTY CO. v. GOODWIN, Adm'r.

No. 27176.   June 22, 1937.

M. C. Rodolf and Joe Houston, for plaintiff in error.

W. H. Gilliam, for defendant in error.

CORN, J. This cause of action was commenced in the court of common pleas of Tulsa county, before Honorable Wm. N. Randolph, trial judge, by the plaintiff, as administrator of the estate of Cecil Goodwin, deceased, against the Continental Casualty Company, to recover $1,000, this being the amount of the insurance policy on the life of said Cecil Goodwin. For convenience the parties will be referred to as they appeared in the trial court.

In September, 1933, the plaintiff, B. W. Goodwin, as administrator of the estate of Cecil Goodwin, deceased, brought this action against the defendant to recover on an accident insurance policy issued to the deceased by this defendant. This policy provided for indemnity for "loss of life resulting exclusively from bodily injury which is effected solely by external, violent, and purely accidental means, and which causes at once, continuously after the accident, total inability on the part of the insured to engage in any labor or occupation." Carrie Lee Goodwin, designated as wife of the insured, was named beneficiary under the policy.

The original petition filed by the administrator alleged the accidental death of the insured at the hands of Carrie Lee Goodwin, the wife, and her subsequent imprisonment; and that, not being the lawful wife of the deceased, she had no insurable interest and therefore could not be the beneficiary. The defendant answered that the false statement as to the relationship of the beneficiary voided the policy, denied that the death was by accidental means within the meaning of the terms of the policy, and tendered back the amount of the premiums paid, which was refused.

In December, 1933, the cause was tried to the court, a jury having been waived by agreement of the parties. The plaintiff introduced his testimony and rested, whereupon the defendant demurred to the evidence and was sustained, the court rendering judgment for the defendant. The plaintiff, after motion for new trial had been overruled, appealed to the Supreme Court, and the judgment was reversed, to wit:

"For the reasons stated, the judgment is reversed and the cause remanded with directions to overrule defendant's demurrer and proceed with the trial of the cause." Goodwin v. Continental Casualty Co., 175 Okla. 469, 53 P. (2d) 241.

An appeal does not lie from an order of the trial court sustaining the defendant's demurrer to plaintiff's evidence. Wiley v. Helen, 83 Kan. 544, 112 P. 158. The appeal lies only from the final judgment. After mandate was received and filed, the cause was set for hearing on February 6, 1936, at which time the trial court, instead of granting a trial de novo, overruled the defendant's demurrer and ordered the defendant to proceed with its evidence. The general rule as to proceedings on new trial is stated in 46 C. J. 461:

"* * * Where a motion for new trial has been sustained, the case stands as if there had never been a trial; the court has the same power with reference to matters connected with the trial of the case as it had before the first trial was had; it is the duty of the court to proceed as in the first instance; the new trial is had as if there had never been a previous one; and rulings of the court at the former trial are not binding on the court at the new trial. * * *"

At 46 C. J. 462, we find a general statement as to the issues and scope of inquiry:

"Where a motion for new trial has been sustained, the issues stand as though they had never been tried, the cause is to be tried de novo, and the whole case, including the issues of fact at the former trial, is open for hearing and determination, unless the order granting the new trial limits it to particular parties or issues, a reference has been had in the case, or the practice in the particular jurisdiction does not call for retrial of all the issues. * * *"

The reversal of a judgment and the remanding of a cause is the same as if the trial court had granted a new trial. The case must be tried de novo. Ordinarily, amendments can be made to the pleadings and additional evidence can be offered by either party, and to hold as the court held in the instant case is equal to a denial of these rights. The parties are not bound by admissions made by them for the purpose of the former trial. Indiana Harbor Belt Railway Co. v. Green, 289 Ill. 81, 124 N. E. 298, and Murphy v. Gillum, 79 Mo. App. 564.

In the case of Ball v. Rankin, 23 Okla. 801, 101 P. 1105, this court said:

"Where a cause is reversed and remanded by the Supreme Court with directions to the trial court to 'take such other and further proceedings in the matter as shall accord with said Supreme Court

opinion,' it stands in the court below the same as if no trial had been had. Pleadings could be amended, supplementary pleadings filed, and new issues formed under proper restrictions. Consolidated Steel & Wire Co. v. Burnham, Hanna, Munger & Co., 8 Okla. 514, 58 P. 654. If the parties could amend their pleadings in such a way as to conform to the views of the Supreme Court in relation to the allegation of facts necessary to entitle them to relief sought, they ought not to be deprived of that right merely because they and the trial court had previously been in error as to the theory of the case. The court below in justice to the parties should permit such amendments upon such terms as to costs as it thought just, and it was reversible error to refuse to do so. Leitz v. Rayner & Co., 37 Kan. 470, 15 P. 571."

In Turk v. Page, 68 Okla. 275, 174 P. 1081, we find the following language:

"Where a decree is reversed and cause remanded with directions to the trial court to grant a new trial, it stands the same, except as to questions of law settled by the proceedings in error, as if no trial had been had. * * *"

See, also, Brotherhood of Painters, etc., v. Trimm (Ala. App.) 97 So. 770, and Watkins v. Dunbar (Ill.) 149 N. E. 14.

Another reason the procedure adopted by the trial court in the second trial of the cause was erroneous is that the court must necessarily have considered the evidence introduced by the plaintiff at the first trial, otherwise no judgment could have been rendered for the plaintiff. It was not competent for the trial court to consider the evidence that was presented at the first trial, as it was no part of the record in the second trial. There was no agreement by the parties that the evidence should be so considered. This court passed squarely upon this proposition in the case of Curtis et al. v. Bank of Dover et al., 113 Okla. 224, 241 P. 173. We quote from the first and second paragraphs of the syllabus:

"Where a law case is tried to the court without the intervention of a jury, and judgment rendered for the defendants, and the court thereafter sustains the motion for a new trial, the case stands as though it had never been tried, and the court is without authority to render judgment in favor of plaintiff without a retrying of said cause.

"An application to set aside a judgment for plaintiff, filed during the term at which it was rendered, is addressed to the sound, legal discretion of the trial court, and where the facts show that a judgment was

rendered on testimony taken at a former trial without the knowledge or consent of the defendants or their attorneys, the same should be set aside."

The facts in the Curtis Case disclose that the Bank of Dover instituted an action in the district court of Kingfisher county against the personal representatives of J. L. Curtis, and their minor and adult children, to foreclose a mortgage against the farm property occupied as a homestead. The case was tried to the court without the intervention of a jury. Judgment was rendered in favor of the defendant. The plaintiff filed a motion for new trial, which was sustained, and the former judgment of the court was vacated and set aside, and upon granting of motion for new trial of the case, the court proceeded to render judgment in favor of plaintiff. The journal entry of judgment recited as follows:

"And now by consent the case is resubmitted upon the same evidence which it was originally tried."

This judgment was attacked by motion to vacate upon the grounds that the defendants never consented to the resubmitting of the case upon the original evidence. In the body of the opinion the court said:

"When a motion for a new trial is sustained, and there is no appeal, the status of the case immediately becomes that of a case that has never been tried, and while by consent of the parties the court might proceed to retry the case upon the same evidence upon which it was originally tried, yet when such consent is controverted, it must be made to appear by clear and convincing evidence that the same was given, and a recital in a journal entry to this effect is not conclusive, but may by evidence be overcome.

"We are of the opinion that the motion should have been sustained and the judgment retrying the case set aside. The judgment of the lower court overruling the motion to set aside and vacate its former judgment is reversed, and the cause remanded to the district court of Kingfisher county, with directions to grant plaintiffs in error a new trial."

This rule was followed in the case of Louisville & N. R. Co. v. Irby, 142 Ky. 273, 134 S. W. 139, wherein that court stated:

"Where a judgment is reversed, the case is not to be retried on the testimony at the former trial, but is to be governed by testimony introduced on the new trial."

In Hornig et al. v. Jones et al. (Mo. App.) 269 S. W. 399, the court stated:

"Where former judgment was reversed and cause remanded, cause was then in trial court for trial de novo, and court could not, except by agreement of parties, consider testimony taken at former trial and render judgment thereon without introduction of any testimony."

In the case of Landis v. Interurban Railway Company, 173 Iowa, 466, 154 N. W. 607, the court said:

"On retrial of a case after reversal, the evidence introduced upon the former trial is not a part of the record, in the sense that it may be considered on a second trial, unless it is offered in evidence. * * *

"These cases generally hold that, where a law case is reversed on appeal and remanded to the lower court for further proceedings, the case goes back to the trial court and there stands on the issues as if the former trial had not taken place. It is conceded by plaintiff that there are some cases in other jurisdictions sustaining the defendant's contention. Suppose a law action is reversed because of some error in the trial court in giving an instruction, ought we to hold that the trial court, upon reversal general in terms, may not attempt to give an instruction on that subject which states a correct rule of law? We are unable to see any distinction under such circumstances between the point supposed and a reversal because the evidence upon the first trial is not sufficient upon some point. To be sure, if upon a retrial of the case after reversal, if the evidence is the same as upon the first trial, and the court indicates that the evidence is not sufficient, the trial court should be ruled by the first opinion. The evidence introduced upon the former trial is not a part of the record in the sense that it may be considered on a second trial, unless it is offered in evidence. Under some circumstances the transcript may be offered and used. Or suppose upon a retrial the plaintiff should (as is sometimes done, improperly perhaps, as it might be possible to properly correct his evidence) change his testimony on the question of contributory negligence, his evidence upon the second trial would be the evidence in the case, and if his testimony upon the first trial is offered, after proper foundation, that would be impeaching only. State v. Carpenter, 124 Iowa, 5, 98 N. W. 775; State v. Dietz, 162 Iowa, 332, 143 N. W. 1080."

Judgment of the trial court reversed and cause remanded, with directions to grant the defendant a new trial.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY, WELCH, and GIBSON, JJ., concur. RILEY, PHELPS, and HURST, JJ., dissent.

HURST, J. (dissenting). I think the majority opinion is wrong on both reason and authority, (1) because the trial court literally followed the mandate and order of this court, as was its duty, and (2) because the error, if any, in following the order of this court was harmless and did not affect the substantial rights of the defendant.

1. Our system of jurisprudence requires that the trial courts follow the orders of the appellate courts, for, as is well stated by one of the courts, "Is it for the judge below to refuse to obey the order because he thinks the Supreme Court erred? That would be judicial insubordination, which is not to be tolerated." Perry v. Tupper, 71 N. C. 380, 381. The text writers and authorities all agree to this doctrine. In 4 C. J., at page 1221, the rule is stated thus:

"It is the duty of the lower court, on the remand of the cause, to comply with the mandate of the appellate court and to obey the directions therein, **without variation,** even though the mandate may be or is supposed to be erroneous."

In 3 Am. Jur., at page 730, the rule is stated as follows:

"The mandate of the reviewing court is binding on the lower court and must be **strictly** followed and carried into effect according to its true intent and meaning, as determined by the directions given by such reviewing court."

This general rule has been consistently adhered to by the former decisions of this court, and it has said that when the trial court does proceed in conformity with the direction of this court, "the judgment of the trial court will not be disturbed." Walker v. Bahnsen, 96 Okla. 133, 220 P. 334.

Applying these rules of law to the facts of this case, we find that this court held that the trial court was in error in sustaining the demurrer to plaintiff's evidence, and reversed the judgment of the trial court with directions **"to overrule defendant's demurrer and proceed with the trial of the cause."** This court did not direct the trial court to grant a new trial, as is usually done under such circumstances. The language used is plain. It constituted the law of the case, and it was the duty of the trial court to follow it "strictly" or "without variation," as the above authorities say. The procedure to be followed by the trial court when a cause is reversed is not prescribed by the statutes, but it is governed by the direction given by the appellate court, and depends upon the issues and

circumstances of each case. Here, a jury had been waived, the case had been partly tried, and the reasonable course for the trial court to pursue was to begin where it had closed by overruling the demurrer and proceeding with the trial by requiring the defendant to put on its defense. This is the course this court ordered, and the trial court adopted, as was its duty. Now, because the trial court followed the mandate of this court "strictly" and "without variation," this cause is reversed, and no authority cited by the majority opinion touches on the precise question involved here, and I find no justification for the reversal on the ground stated, and cannot consent to such action.

2. It is the positive duty of this court to disregard technical errors. The Legislature has enjoined that duty upon us in three different statutes:

"The court, in every stage of action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect." Section 252, O. S. 1931.

"No exception shall be regarded, unless it is material and prejudicial to the substantial rights of the party excepting." Section 388, O. S. 1931.

"No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right." Section 3206, O. S. 1931.

The first two sections were adopted from Kansas as a part of the 1893 Code. Section 3206 was written into the 1910 Revised Laws by the Code Commission as section 6005, and the following note was inserted: "History. New section, substantially as recommended by the American Bar Association." These sections were written into the Code of Procedure to get away from the rigors and technicalities of the common-law pleading and procedure. They are remedial, wholesome, and their validity has not been questioned. It is the duty of this court to follow them. The thought back of them is that the law is not an exact science, as is demonstrated by the many decisions of this and other appellate courts where the judges disagree, and the decisions are by divided courts; that it is practically impossible for busy trial judges to conduct contested trials without committing some errors; that the litigants are entitled to but one trial free from prejudicial errors, not free from any errors; that the primary purpose of a judicial trial is to determine and enforce rights of litigants fairly and in accordance with principles of justice; that every reasonable presumption should be indulged in favor of the correctness of decisions of the trial courts, thus making for stability, and discouraging frivolous appeals; that there should be an end to litigation; and that it is more important that the right result be obtained than that the procedure for obtaining it be strictly followed.

These sections of the statutes are in harmony with the view prevailing in the other jurisdictions. 2 R. C. L., p. 230; 4 C. J., pp. 910 to 913. This fact is illustrated by the statement of the rule in 3 Am. Jur., p. 555, where it is said:

"It is a fundamental rule of modern appellate procedure that in order to warrant a reversal, the error complained of must have been prejudicial to the substantial rights of the appellant or plaintiff in error. Error going only to immaterial, minor, or technical questions is not ground for reversal, especially where it does not touch the controlling questions, or where controlling questions are correctly decided. In other words, an appellate court will not search for reasons to reverse a case; the duty rests upon the appellant or plaintiff in error to show that error has intervened to his prejudice." (Citing cases from nearly all the states.)

See, also: 5 C. J. S., sec. 1676, pp. 802-804, and 5 C. J. S., sec. 1894, pp. 1387-1389.

Wherein was the defendant prejudiced by the procedure followed by the trial court? What good purpose would have been served by re-introducing the same evidence before the same judge, who, presumably, was familiar with that evidence at the time he rendered judgment? The majority opinion does not suggest an answer to these questions, and I can think of none. The harmless error statutes were written to apply to just such a situation as we have here.

The authorities cited in the majority opinion do not apply to the facts of this case, and, in my judgment, do not justify a reversal. In Huber v. Mother Aurelia

of St. Joseph's Hospital (Idaho 1907) 89 P. 942, the court refused to reverse a case where the trial court did not require the plaintiff to offer his evidence anew, the court saying:

"It was unnecessary, however, for the plaintiffs to produce the witnesses and re-examine them as to the same facts they had presented by them on the former trial. This case was heard before the same judge who had tried it in the first instance, and he is presumed, as a matter of law, to have remembered what they testified to on the previous trial, and if he did not, as a matter of fact, so remember, he had the record before him. The plaintiff offered the record in evidence, and it was considered admitted by the court."

Here, the order of this court "to overrule the defendant's demurrer and proceed with the trial of the cause" made the former evidence a part of the record, and the trial court so considered it.

The trial court followed the mandate of this court, and it is the duty of this court to give effect to that mandate, and to follow the mandate of the harmless error statutes, if it can be said that it was error for the trial court to follow the mandate of this court.

For these reasons, I dissent.