## CONTINENTAL CASUALTY CO. v. GOODWIN, Adm'r.

No. 28264.    March 22, 1938.

M. C. Rodolf and Parke Davis, for plaintiff in error.

W. H. Gilliam and C. R. Nixon, for defendant in error.

CORN, J. The matter now on appeal presents the same facts and issues twice before reviewed by this court. For convenience we shall refer to the parties as they appeared in the trial court.

In 1933, the plaintiff, administrator of Cecil Goodwin, deceased, brought an action in the common pleas court of Tulsa county to collect upon a policy issued to the deceased man by this defendant. The policy named "Carrie Lee Goodwin—wife" as beneficiary. It appeared that Carrie Lee Goodwin had killed the insured, and was at that time incarcerated and serving a penitentiary sentence. The plaintiff's offer of proof to establish this was rejected and the defendant's demurrer sustained. Upon appeal to this court the trial court's judgment was reversed and the cause remanded. No. 25757, reported in 175 Okla. 469, 53 P.2d 241.

In February, 1936, the case stood for trial again. The trial court did not require the plaintiff to present his evidence, but made the defendant present its case. At the close of the trial, judgment was rendered for the plaintiff for the value of the policy, and the defendant appealed. That case, No. 27176, 180 Okla. 365, 69 P.2d 644, was reversed and the cause remanded, with directions for a new trial.

September, 1937, the same case was once more presented to the trial court, after minor amendments had been allowed in the pleadings. Both sides waived a jury and tried the case to the court, and judgment was again rendered for the plaintiff.

The defendant's assignments of error upon which is based the claim for reversal are incorporated in two propositions: First, that the facts do not show that the de-ceased met his death as "a result of a bodily injury which was effected solely by external, violent and purely accidental means," and the court erred in rendering judgment for plaintiff below. Second, "misrepresentation in the insured's beneficiary being false, voids the policy."

Consideration of the record fails entirely to disclose that the injury which brought about the death of the insured was received by him as the result of his own contrivance, or that he had any knowledge of the impending injury. The policy in question insured the deceased from "loss of life * * * resulting exclusively from a bodily injury which is effected solely by external, violent and purely accidental means. * * *"

Upon numerous occasions in the past this court has had occasion to construe similar clauses in policies of life insurance. In Union Accident Co. v. Willis (1915) 44 Okla. 578, 145 P. 812, this court held:

"An injury intentionally inflicted by another upon the insured * * * is an injury inflicted through 'external, violent, and accidental means.' An injury is 'accidental,' within the meaning of an insurance policy, although it is inflicted intentionally and maliciously by one not the agent of the insured, if unintentional on the part of the insured."

The cases disclose that this holding is uniform among the states. See Oklahoma Nat. Life Ins. Co. v. Norton, 44 Okla. 783, 145 P. 1138; Great Southern Life Ins. Co. v. Churchwell, 91 Okla. 157, 216 P. 676; Utter v. Travelers Ins. Co. (Mich.) 32 N. W. 812; Orr v. Travelers Ins. Co., 120 Ala. 647, 24 So. 999; Maloney v. Maryland Casualty Co. (Ark.) 167 S. W. 845; and Newsome v. Travelers Ins. Co. (Ga.) 85 S. E. 1038.

Past decisions from this and other courts lead us to declare the rule that an injury is accidental within the meaning of the policy insuring against violent, external, and accidental means, although it is inflicted intentionally or maliciously, if it is unprovoked, unforeseen, and unintentional on the part of the insured.

The defendant argues that the insured received this fatal injury while committing an unwarranted assault upon the beneficiary. The evidence in this connection was not conclusive, and the trial court evidently did not believe the evidence sufficient to justify holding that the insured induced the injury by his own acts, and the ruling is not to be disturbed.

The defendant's second contention is that when the insured in making his application

for insurance designated Carrie Lee Goodwin as his "wife," when they were in fact not legally married, this misrepresentation in the application being false, voided the policy. The policy contained the following provision:

"I have made the foregoing statements as representation to induce the issue of the policy for which I have made application and to that end I agree that if any one or more of them be false all right to recovery under said policy shall be forfeited to the company if such false statement was made with actual intent to deceive, or if it materially affects either the acceptance of the risk or the hazard assumed by the company."

There was no finding that the insured, when he described the beneficiary as occupying the relationship of wife to him, made this statement with the intent to defraud the company. There was no question presented here of any intent to defraud the defendant.

Carrie Lee Goodwin was not the insured's lawful wife, but they had maintained the relationship of husband and wife for some time. There was nothing in the application for insurance indicating that the defendant was interested in the legality of the insured's marital relations.

The statement in question here as to the relationship between the insured and the named beneficiary must be treated as a representation, and not as a warranty. Much this same question has been passed upon numerous times in other jurisdictions, and it has generally been held, in the absence of statutory provisions or a limitation in the by-laws, that a statement in the application as to the relationship of ·the beneficiary is to be regarded merely as descriptive or for identification of the beneficiary, and does not operate to avoid the policy. See Metropolitan Life Ins. Co. v. Olsen (N. H.) 123 Atl. 576; Standard Life & Acc. Ins. Co. v. Martin (Ind.) 33 N. E. 105; and Lampkin v. Travelers Ins. Co. (Colo. App.) 52 P. 1040, 14 R. C. L. 1079.

Our court is in agreement with the courts of other jurisdictions in holding that statements in the application, in the absence of fraud, are to be deemed representations and not warranties. See N. Y. Life Ins. Co. v. Stagg, 95 Okla. 252, 219 P. 362, and N. Y. Life Ins. Co. v. Clark, 110 Okla. 31, 235 P. 1081. Since there was no showing of fraud, we hold that the statement in the application as to the relationship of the named beneficiary to the insured is to be regarded only as descriptive, identifying the benefi-

ciary, and did not void the policy by reason of its falsity.

Judgment affirmed.

BAYLESS, V. C. J., and PHELPS, GIBSON, and HURST, JJ., concur.