### EMPLOYERS CASUALTY CO. v. STEPHENS.

No. 28741.  May 9, 1939.

W. O. Head and James C. Cheek, for plaintiff in error.

John W. Hayson, for defendant in error.

HURST, J. This is an action by S. H. Stephens against Employers Casualty Company, an insurance company, and Ed M. Semans & Company, to recover a commission alleged by plaintiff to be earned in the procurement and issuance of an insurance policy. Judgment was rendered in

82

favor of defendant insurance company. Thereafter, plaintiff timely filed a motion for new trial, which motion was sustained. Defendant insurance company appeals from the order granting a new trial.

This court is reluctant to reverse an order granting a new trial, and it is now settled that such an order will be reversed on appeal only where it is clearly shown that the court abused its discretion by acting arbitrarily, or erring on some simple, pure, and unmixed question of law. Nichols Transfer & Storage Company v. Lumpkin (1937) 180 Okla. 350, 69 P.2d 640; Hart v. Howell (1938) 184 Okla. 146, 85 P.2d 401. It is argued, however, that the court abused its discretion for the reason that plaintiff is not entitled to recover upon any theory. In this connection, it is contended that plaintiff was not the agent of defendant insurance company; that the policy was not issued during the existence of any agency contract; that the policy in question was not an original policy procured by plaintiff, and therefore he was entitled to no commission; and that assuming plaintiff was an agent of defendant company and that the policy was procured by him while the agency contract was in existence, yet he is entitled to no commission for the reason that the policy in question was not the same kind of policy that was originally written by plaintiff. These contentions involve questions of fact, some involving a sharp conflict in the evidence.

It is not an abuse of discretion to grant a new trial where plaintiff's evidence does not clearly establish that he was not entitled to recover, notwithstanding that evidence might not have supported a judgment in his favor. Gorton v. Manning (1937) 179 Okla. 415, 65 P.2d 1211. It would serve no useful purpose to review the evidence in detail. It is sufficient to say that a careful examination of the record does not disclose that it has been affirmatively established that plaintiff is not entitled to recover. We cannot say, therefore, that the court acted arbitrarily or erred on a simple, pure, and unmixed question of law in sustaining the motion for new trial.

Judgment affirmed.

WELCH, V. C. J., and RILEY, OSBORN, CORN, and GIBSON, JJ., concur. BAYLESS, C. J., and DAVISON and DANNER, JJ., absent.