EMPLOYERS CASUALTY CO. v. STEPHENS et al.

No. 29965. Oct. 21, 1941.

*118 P. 2d 232.*

W. O. Head, of Dallas, Tex., and Bland West and James C. Cheek, both of Oklahoma City, for plaintiff in error.

Albert L. McRill and John W. Hayson, both of Oklahoma City, for defendants in error.

BAYLESS, J. Employers Casualty Company appeals from a judgment of the district court of Oklahoma county in favor of Ed. M. Semans and S. H. Stephens.

February, 1928, Semans, doing business as Ed M. Semans & Company, succeeded Insurance Service Company as the agent of Employers Casualty Company. Among the contracts of insurance procured by Insurance Service Company was one written by Employers Casualty Company for Oklahoma Transportation Company, which was to expire October 12, 1928. This policy had been procured through the efforts of Stephens, an agent of Insurance Service Company, who became an agent of Semans. In October, 1928, this policy was renewed or extended to October 12, 1929, and Semans allowed his commission of 15 per cent, from which Semans paid Stephens a commission of 10 per cent of the whole premium.

September 11, 1929, Employers Casualty Company, hereafter referred to as Company, served written notice on Semans of the cancellation of his agency contract "effective October 12, 1929." No contention is made respecting the right of Company to do this, nor that any contractual relationship existed between Company and Semans after October 12, 1929.

October 30, 1929, Company issued a policy to Oklahoma Transportation Company to be effective "October 12, 1929, at 12:01 A. M." If a commission was due Semans on this policy as a renewal of the previous policy, it is admitted it amounted to $3,108.79, and Stephens admittedly was entitled to 2/3 thereof from Semans. The issue in this action is whether such commission was due Semans.

June 27, 1930, Company instituted an action in the United States District Court for the Western District of Oklahoma against Semans to recover $8,893.90, alleged to be due from Semans, representing 85 per cent of premiums collected by him on policies and not remitted. The purport of Company's action was to settle the account that existed between Company and Semans by virtue of the canceled contract. Semans did not defend this action, and March 10, 1933, judgment based on the report of a referee was entered finding Semans indebted to Company in the sum of $6,634.73.

January 23, 1932, Stephens filed the action out of which this appeal arises against Company and Semans, alleging generally a contractual relationship between himself and Semans and Company, that he procured the renewal of the policy issued October 30, 1929, and was entitled to a commission of 10 per cent of the premium on the policy from Company and Semans. Semans filed an answer, wherein he denied being indebted to Stephens and asserted Company was indebted to Stephens, and set out other matter that may be treated as a cross-petition against Company for a commission of 5 per cent of the premium on the policy.

October 6, 1933, the action was tried and resulted in judgment in favor of Company. Stephens and Semans filed

motions for new trials, and when these motions were granted June 17, 1938, an appeal followed. We affirmed (185 Okla. 81, 90 P. 2d 635).

When the matter was remanded to the lower court, Company filed an amendment to its answer (which theretofore had been generally a denial as to both Stephens and Semans) by pleading the judgment in the federal court against Semans as a defense and an offset, and later amended again by pleading the judgment as res adjudicata against Semans, the principal, and Stephens, his agent.

Upon trial the court sustained the motion of Semans for a directed verdict, and denied similar motions on the part of Stephens and Company. Whereupon, Semans asked and was granted permission to amend his cross-petition to seek $3,108.79, on the theory he was the agent entitled to a 15 per cent commission, and was responsible to Stephens for whatever share was due to him. In denying Stephens' motion for directed verdict against Company, the trial judge denied Stephens any direct judgment against Company, but awarded him a money judgment against Semans for $2,072.53, and decreed it to be an equitable assignment of 2/3 of the 15 per cent commission for which Semans was awarded judgment against Company, and Company was adjudged to hold this sum in trust for Stephens. Thus was judgment rendered, and Company appeals. It assigns as error the entry of judgment against it in favor of Semans, and against it as trustee for Stephens.

Stephens has not appealed from the judgment insofar as it denies him a money judgment directly against Company, and that part of the judgment is not for our consideration.

Semans has not appealed from that part of the judgment in favor of Stephens against him, and that part of the judgment is not before us.

Company has argued six propositions, and Stephens and Semans have answered them. Some of the propositions involve the weight of the evidence, and some are pure questions of law. We think the proposition of law that the judgment of the federal court was res adjudicata must be sustained. The facts with respect to it are not in dispute.

Company cited Poarch v. Finklestein, 186 Okla. 523, 99 P. 2d 871, and many other Oklahoma cases as authority for the rule that a judgment of a court of competent jurisdiction is conclusive as between the parties and their privies not only as to all issues actually litigated in the action, but as to all issues germane to the issues litigated that could have been litigated.

Stephens and Semans do not question the rule announced, but they do insist that the judgment cannot be used in this action for any purpose because (1) the action pending in the federal court was not set up as a bar to this action until so late in this action as to amount to a waiver; (2) that the failure to set up the bar of the federal court action early in this action amounted to an implied withdrawal of the issues relating to this policy from the jurisdiction of the state court; and (3) the judgment of the federal court was dormant when first pleaded herein and ineffectual for any purpose.

We thus conclude that Stephens and Semans inferentially admit that the judgment of the federal court concluded them on the issue of whether Semans had any claim against Company for a commission on this policy. However, they do assert Company cannot be permitted to use that judgment in this action for the reasons above outlined.

It is clear to us that the judgment in the federal court necessarily covered the issue of liability of Company to Semans on this policy. The agency relationship had terminated. The contract of agency had permitted either of them to collect premiums on policies sold, and had obligated each to render periodical reports to the other on collections and credits, and to account. In the petition filed in the federal court Company alleged that Semans had collected $15,337.17; had accounted to Company

for $4,552.39; was entitled to receive from Company $1,890.88 on policies (premiums collected by Company) and stated a balance owing to it from Semans of $8,893.90. It is clear that the purpose of this action was to adjust the account between the two and to determine what Semans owed Company after all credits. If Semans felt Company owed him a commission on the sale of this policy, it is but elementary to say he was duty bound to plead it as an offset. Sections 206, 207, 208, O. S. 1931, 12 O.S.A. §§ 272, 273, 274, and cases cited.

We do not think the amendment was permitted too late. This court has held that amendments to pleadings may be permitted after an appeal, where the action is remanded to the trial court for further trial. Ball v. Rankin, 23 Okla. 801, 101 P. 1105, and other cases cited in Am. Dig. (West) Appeal and Error, Key No. 1201 (3). In the opinion on the former appeal we mentioned the issues tried in the previous trial, but not with an intention of limiting the issues that could be made if a second trial was had. We would be loath to hold that the failure to set up the federal court action as a bar amounted to a waiver in view of all of the circumstances before us. Company pleaded the pendency of the federal court action in its first answer, but without expressly praying for relief therein; but when it is considered that it prevailed in the first trial on the issues called to the trial court's attention, it may well be said there was no reason to discuss the failure to expressly point out the effect it desired the court to accord to the fact of the pendency of the federal court action. But when Stephens and Semans disturbed that situation by procuring a new trial, knowing that a judgment had been entered in the federal court in the meantime, and placed the parties in the position of trying the matter again as though no previous trial had been had, they ought not to be permitted to prevent Company from offering permissible amendments. We see no basis for waiver of the defenses on the part of the Company. The cases cited by Stephens and Semans fall within the rule applicable to final judgments in separate actions, or where the decisions of the appellate court on the issues called to the attention of the trial court preclude further trial.

The decisions cited to sustain the argument that the issue relating to this policy was impliedly withdrawn from the controversy in the state court do not sustain the application of that rule to this case. The cases cited only announce a rule of positive withdrawal, and not a rule of implication from lateness of pleading. As said in Rucker v. Campbell, 180 Okla. 580, 71 P. 2d 718, where a question is reserved, the judgment is not res adjudicata. In the brief of Stephens and Semans it is said, where the parties "by agreement" exclude or reserve an issue, res adjudicata does not apply. There was no agreement by the parties herein.

Does the fact that the federal court judgment was dormant when the motions for new trial were granted at the request of Stephens and Semans, and dead in the sense that it could not be revived when it was first pleaded in this action, bar Company from setting it up as a defense or offset in this action?

The argument of Stephens and Semans relates wholly to the use of the federal court judgment as an offset against the claim of Company. We know of no authority that prevents dormancy of a judgment or unenforceability by virtue of the lapse of the time to revive to destroy the effect of the judgment as an adjudication. The pertinent issue is whether the issues were or could have been adjudicated, not whether the adjudication has lost its effect because much time has elapsed since the adjudication. Once a court determines that the issue was previously adjudicated, it is satisfied. No lapse of time will serve to make the same issue again triable.

Judgments of Semans and Stephens against Company reversed, and the cause remanded, with directions to dismiss the causes of action of Stephens and Semans.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, GIBSON, DAVISON, and ARNOLD, JJ., concur. HURST, J., absent.