Ona B. SHELTON, Appellant,

v.

SHARPE DRY GOODS COMPANY, an Oklahoma Corporation, Appellee.

No. 46157.

Court of Appeals of Oklahoma,
Division No. 1.

Dec. 4, 1973.

Released for Publication by Order of Court of Appeals Dec. 27, 1973.

Stipe, Gossett, Stipe & Harper, Mc-Alester, for appellant.

Stamper & Otis, Antlers, for appellee.

BOX, Judge:

An appeal by Ona B. Shelton, plaintiff in the trial court, from a ruling dismissing plaintiff's action as per mandate from the Supreme Court.

The synopsis of proceedings leading up to the present appeal is as follows:

October 15, 1971, plaintiff filed her petition alleging injuries arising out of a fall in defendant's store in Atoka, Oklahoma.

December 16, 1971, defendant filed its demurrer to the petition of plaintiff.

March 28, 1972, the court filed its order sustaining defendant's demurrer in words as follows:

"On the 11th day of January, 1972, the above cause came on for hearing on defendant's Demurrer and plaintiff was present by her attorney, Clyde Stipe, of Stipe, Gossett & Stipe, and defendant was present by its attorney, Joe Stamper, of Stamper & Otis, and the Court heard argument of counsel and took the matter under advisement, and now, on this 22nd day of March, 1972, being fully advised in the premises, finds, orders, adjudges and decrees as follows:

"That defendant's Demurrer to plaintiff's Petition should be, and the same is hereby sustained and plaintiff is allowed exceptions."

March 29, 1972, plaintiff filed her motion for new trial.

April 27, 1972, plaintiff filed with the Court Clerk of Atoka County her designation of record on appeal.

April 29, 1972, a Certificate of Appeal by the Clerk of the Supreme Court was caused to be filed.

October 19, 1972, plaintiff filed with the Clerk of the Supreme Court her Dismissal of Petition-in-Error.

October 19, 1972, plaintiff filed with the District Court an Application to Amend Petition.

October 24, 1972, the Supreme Court directed the Clerk of the Supreme Court to issue the following order:

"45,691 Ona B. Shelton v. Sharpe Dry Goods Co. Appeal dismissed."

October 30, 1972, the Supreme Court ordered a mandate issued, as appears by mandate attached hereto.

November 8, 1972, the following order signed by the trial judge was filed:

"Now, on this 31st day of October, 1972, the above cause came on for hearing on plaintiff's Motion to Permit Filing of Amended Petition and plaintiff was present by her attorney, Neil Whittington of Stipe, Gossett & Stipe, and defendant was present by its attorney, Joe Stamper, of Stamper & Otis, and the Court examined the files and pleadings herein and finds that since plaintiff filed her motion, *the Supreme Court had caused its Mandate in Cause No. 45691 to be filed in this Court and pursuant to such Mandate, the cause is ordered dismissed* and plaintiff's Motion for Leave to File Amended Petition is denied and plaintiff is allowed exception." (Emphasis added.)

November 21, 1972, plaintiff filed her Petition-in-Error, wherein she alleges among other matters, the following:

"(a) The District Court erroneously interpreted the Mandate as an order to the District Court to dismiss the plaintiff's cause of action in No. C–71–131 then pending in the District Court and pursuant to the erroneous construction did dismiss said cause of action and refused plaintiff leave to amend her petition on file therein."

Plaintiff argues in her brief as follows:

"Proposition

"The trial court erred in dismissing plaintiff's action and refusing her leave to amend her petition."

■ We agree with plaintiff's contention and so hold that the trial judge erroneously interpreted the mandate from the Supreme Court; said mandate does not order the court to dismiss the cause in the district court, it instructs the trial judge to (1) cause the dismissal of plaintiff's appeal to the Supreme Court to be shown of record in the District Court, and (2) directed the trial judge to issue such process and take such other and further action as may be in accord with right and justice and said opinion.

Although the matter involved a reversal of the trial court, the same rule of law is applicable in the case now under review as in the case of Ball v. Rankin, 23 Okl. 801, 101 P. 1105, wherein the Supreme Court held,

"Where a cause is reversed and remanded by the Supreme Court, *with directions to the trial court to 'take such other and further proceedings in the matter as shall accord with said Supreme Court opinion,' it stands in the court below the same as if no trial had been had. Pleadings could be amended, supplementary pleadings filed, and new issues formed under proper restrictions. If the parties could amend their pleadings in such a way as to conform to the views of the Supreme Court in relation to the allegation of facts necessary to entitle them to the relief sought,* they ought not to be deprived of that right merely because they and the trial court had previously been in error as to the theory of the case. *The court below in justice to the parties should permit such amendments upon such terms as to costs as it thought just, and it was reversible error to refuse to do so."* (Emphasis added.)

See also Merchants Delivery Service v. Joe Esco Tire Co., 497 P.2d 766 (Okl. 1972).

■ We therefore hold that in an appeal from an order which is not a final order within the realm of 12 O.S.1971, § 952 cannot be maintained and where such an appeal has been lodged and thereafter dismissed (as in the case now under review), it stands in the court below the same as if no appeal had been commenced; pleadings can be amended, supplementary pleadings filed and new issues formed under proper restrictions. If the parties can amend their pleadings in relation to the allegations of facts necessary to entitle them to the relief sought, the court below in justice

to the parties should permit such amendment upon such terms as to costs as it thinks just, and it would be reversible error to refuse to do so. (12 O.S.1971, § 318).

Accordingly the order of the trial court in dismissing said cause is reversed with instructions to reinstate said cause and proceed, consistent with the views herein expressed.

Reversed and remanded with instructions.

BAILEY, P. J., and ROMANG, J., concur.